## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **BELLATORUM LAND & MINERALS, LP** | § | **CASE NO. 21-32137** |
| | § | |
| **BELLATORUM PHALANX** | § | **CASE NO. 21-32138** |
| **INVESTMENTS, LP** | § | |
| | § | **CHAPTER 7** |
| | § | |
| **DEBTOR** | § | **JUDGE JEFFREY P. NORMAN** |

**FIRST INTERIM APPLICATION FOR COMPENSATION BY ROSS, BANKS, MAY, CRON & CAVIN, P.C. FOR CHAPTER 7 ADMINISTRATIVE EXPENSES FOR THE PERIOD OF JUNE 25, 2021 TO OCTOBER 4, 2022 IN ITS CAPACITY AS GENERAL COUNSEL FOR EVA S. ENGELHART, CHAPTER 7 TRUSTEE**

---

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**A HEARING ON THE RELIEF REQUESTED HEREIN HAS BEEN SELF-CALENDARED FOR NOVEMBER 2, 2022, AT 1:30 P.M. BEFORE THE HONORABLE JEFFREY P. NORMAN, 515 RUSK, 4TH FLOOR, COURTROOM 403, HOUSTON, TEXAS 77002.**

---

**To the Honorable Jeffrey P. Norman,**
**United States Bankruptcy Judge**:

COMES NOW Ross, Banks, May, Cron & Cavin, P.C. ("Applicant") and files this Application for Compensation for Chapter 7 Administrative Expenses for the time period set forth in the title heading above in its capacity as general counsel for Eva S. Engelhart, Chapter 7 Trustee ("Trustee"), pursuant to §330 of the United States Bankruptcy Code and would respectfully state the following:

### A. Jurisdiction, Venue and Constitutional Authority

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.   This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and arises in and/or under Title 11.   The statutory predicate for the relief sought herein is 11 U.S.C. §§ 327, 328 and/or 330.

2.       Venue is proper under 28 U.S.C. §§ 1408 and/or 1409.

3.       This Court has constitutional authority to enter a final order regarding this matter.   This motion concerns essential bankruptcy matters which have no equivalent in state law thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.   *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *Stern v. Marshall*, 131 S.Ct. 2594 (2011)).   In the alternative, all the matters addressed in this motion are essential bankruptcy matters which trigger the public rights exception.   *See Id.*

### B. Factual and Procedural Background

4.       On June 24, 2021, (the "Petition Date"), Bellatorum Land & Minerals, LP ("BLM") and Bellatorum Phalanx Investments, LP ("BPI") separately filed for voluntary Chapter 7 bankruptcy protection in Case Numbers 21-32137 (the "BLM Case" or "BLM Estate") and 21-32138 respectively (the "BPI Case" or "BPI Estate").   On the same date, the Trustee was appointed interim Chapter 7 Trustee in both cases, and, having since accepted the appointment and posted the requisite bond, is now the duly qualified Chapter 7 Trustee of both bankruptcy estates.

5.       On March 2, 2022, the Trustee filed applications to employ Applicant as general counsel on a nunc pro tunc basis effective as of June 25, 2021, at Docket Number 37 in the BLM Case and Docket 39 in the BPI Case.   On March 29, 2022, the Court entered an Order authorizing the Trustee's retention of Applicant at Docket Number 49 in the BLM Case and Docket 50 in the BPI Case.   See **Exhibits A** and **B**.

6.       Attached as **Exhibit C** is a combined invoice for all of Applicant's services for the relevant time period.   The total attorneys' fees set forth in Exhibit B are $36,412.50, and the total expenses are $1,838.65.

### C. Application for Compensation

7.       Applicant believes that the total fees and expenses for professional services rendered in representation of the Trustee are fair and reasonable.   Applicant states the following as required by First Colonial Corporation of America v. Baddock *et al.*, 544 F.2d 1291 (5th Cir. 1977) and other related cases for consideration by this Court.

A.       **Time and Labor Required**.   The attached itemization shows the time expended and details the specific services provided.   Such time was reasonably expended to attend to the legal

matters of the estate.   All of the time expended was the minimum amount necessary to achieve the results desired and all projects were discussed with and approved by the Trustee.

B.    **The Novelty and Difficulty of the Questions Presented in the Case**.   This fee application covers work performed during the Chapter 7 proceeding that involved particular and specialized knowledge in the areas of Bankruptcy Law.   Applicant's time records demonstrate that legal services were performed that required legal expertise that a trustee would not generally be expected to perform without an attorney's assistance.

C.    **Skill Requisite to Perform the Legal Services Properly**.   The attorney with primary responsibility for working on this matter has been licensed to practice law for approximately twenty-six (26) years and specializes in bankruptcy and litigation.   Such experience significantly assisted the Trustee.

D.    **The Preclusion of Other Employment Due to the Acceptance of the Case**.   This issue is not a factor in this case.

E.    **Customary Fee**.   Applicant has asked to be compensated at the rates set forth in this application.   Applicant believes that the fees charged herein are in the lower to middle range of the usual and customary fees charged by attorneys of similar experience and standing for the type of legal services rendered to the Trustee.   Where possible, the attorney charging the lowest hourly rate was the primary person performing work.   Further, it is submitted that the award sought is in line with other reasonable fees allowed in bankruptcy cases in the Southern District of Texas.

F.    **Whether the Fee is Fixed or Contingent**.   Applicant charged the estate an hourly fee in this case.   Applicant understands that its services, for both hourly and contingent fees, are subject to Court approval.

G.    **Time Limitation Imposed by the Client or Other Circumstances**.   This issue is not a factor in this case.

H.    **The Undesirability of the Cases**.   Applicant routinely practices bankruptcy law and represents Chapter 7 trustees.   Applicant does not find the case to be undesirable, but recognizes other lawyers may find the contingent nature of bankruptcy trustee representation undesirable.

I.    **Nature and Length of Professional Relationship with the Client**.   As disclosed in the Trustee's application to employ Applicant, the Trustee is an employee at Applicant's law firm and Applicant has assisted her in numerous cases in which she has served as Chapter 7 Trustee.

J.    **Awards in Similar Cases**.   While Applicant has no specific knowledge of awards in similar cases, it is believed that the fees requested are reasonable, and at, or below, those allowed in similar cases.   Movant submits that its efforts have materially benefitted the estate.

8.    Applicant's services cover three (3) categories.   The invoice attached as **Exhibit C** reflects these services by category, the initials of the attorney performing the work, the applicable hourly rate, the time expended and work performed.   Mr. Marc Douglas Myers (MDM) was the only attorney to work on this matter and his hourly rate was $375 per hour.   The following discussion includes reference to the more significant matters that were considered and their results:

**Administrative**:  Time expended in this category relates to preparing an application to employ general counsel and all associated documents and providing periodic status conferences to the client.

       **Fees for this category total $900.00**.

**Asset Collection**: Time expended in this category relates to: (a) the initial review of the case and issues presented; (b) evaluation of status of the records of the Debtors and emergency attempts to locate and take possession of all available records whether in the possession of the Debtors' former control parties or third parties; (c) locating and attempting to access online records of the Debtor stored with Google; (d) preparing an initial round of subpoenas in an attempt to locate financial and business records; (e) communicating with FBI agents in possession of estate records related to their criminal investigation of the Debtors' principals; (f) reviewing and advising the Trustee with regard to the proposed terms of employment of special litigation counsel; (g) reviewing and advising the Trustee on an evidence preservation regime pending special counsel employment; (h) obtaining and reviewing bank records related to Debtor's pre-petition transfers to Production Lending, LLC, a secured creditor receiving assets of the Debtor; (i) extensive discovery to Production Lending and review of voluminous materials produced regarding pre-petition transfers of interests; (j) numerous telephone conferences and in person meetings with Jonas Harrell, former employee of the Debtor, now employed by creditors/equity holders that implemented Debtors' bankruptcy filing, regarding Debtor's pre-petition transfers with Production Lending and other matters; (k) propounding multiple subpoenas to third parties, including the Serrano Law Group, alleged escrow agent for the Debtors and Debtors' former principal, Wells Fargo, PNC Bank and JPMorgan Chase Bank; (l) review of voluminous subpoenas responses; (m) extensive and extended negotiations with Production Lending over form of proposed settlement agreement as well drafting and supplementing motion for approval of the proposed settlement; (n) closing of the Court approved Production Lending settlement resulting in the recovery of $100,000 for the estate; and (o) assisting the Trustee with obtaining Court approval to employ special litigation counsel to conduct review of and to prepare recommendation on third party litigation claims.

       **Fees for this category total $34,087.50**.

**Claims**: Time expended in this category relates the review of a claim filed by the Internal Revenue Service and responding to inquiries by creditors and/or equity holders contacting counsel directly with regard to claim related inquiries.

       **Fees for this category total $450.00**.

**Fee Application**:  Time expended in this category relates to the preparation of a fee application; any required fee application coversheet; a notice of filing of fee application; and a proposed order.

       **Fees for this category total $975.00**.

      9.     Federal Rule of Bankruptcy Procedure 2016(a) requires that, in addition to a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested, all of which is addressed above, the application for compensation must include a statement as to the following information, to which Applicant makes the below listed responses:

      (a) **What Payments Have Theretofore Been Made or Promised to the Applicant for Services Rendered or to Be Rendered in Any Capacity Whatsoever in Connection with the Case**:  No payments have been made or promised to Applicant.  Applicant has understood at all times that

allowance and payment of any fees and/or expenses for its services were subject to prior Bankruptcy Court approval;

(b) **The Source of the Compensation So Paid or Promised**:  Applicant has understood at all times that any allowed fees and/or expenses would come from the Chapter 7 estate after prior Bankruptcy Court approval;

(c) **Whether Any Compensation Previously Received Has Been Shared**: No compensation, previously received or to be received, will be shared unless otherwise specifically authorized by Court Order; and

(d) **Whether an Agreement or Understanding Exists Between the Applicant and Any Other Entity for the Sharing of Compensation Received or to Be Received for Services Rendered in or in Connection with the Case, and the Particulars of Any Sharing of Compensation or Agreement or Understanding Therefor, Except That Details of Any Agreement by the Applicant for the Sharing of Compensation as a Member or Regular Associate of a Firm of Lawyers or Accountants Shall Not Be Required**: There is no agreement or understanding between Applicant and any other entity for sharing of any compensation received or to be received in this matter, unless otherwise specifically authorized by Court Order

10.    At the time of filing of this Application, there was approximately $6,282.92 in the BLM Case and $37,800.57 in the BPI Case.   As previously requested in the Trustee's Motion to Compromise Controversy with Production Lending[1] (to prorate the settlement funds received between each estate) and in the Application to Employ Special Litigation Counsel[2] (to prorate the flat fee paid out to Special Counsel from each estate), the Trustee requests to apportion any fees and expenses approved by this Court incident to this application 14.25% from the BLM Estate and 85.75% from the BPI Estate.   These percentages are derived by taking the total amount the Trustee initially received in funds turned over from Wells Fargo bank accounts of both Debtors, which was $234,056.36, determining what percentage of these funds are attributable to each estate.   $33,342.75 was attributable to the BLM Estate, which was 14.25% of the total, and the remaining $200,713.61 was attributable to the BPI Estate, which was 85.75% of the total.   As with attribution of the settlement funds and payment of the flat fee to special counsel, each Debtor benefitted from the services provided by general counsel for which compensation is sought and the Trustee posits that the proposed division of payment is fair and equitable to each estate based on available resources.

WHEREFORE, PREMISES CONSIDERED, Applicant respectfully prays that the attorney's fees

---

[1] Docket Numbers 32, 42 and 47 in the BLM Case and 33, 43 and 48 in the BPI Case.

[2] Docket Numbers 39, 51, and 52 in the BLM Case and 41, 52 and 53 in the BPI Case.

and expenses set forth herein be allowed as an administrative claim, the Trustee be authorized to pay

Applicant all such amounts and for such other and further relief as this Court deems just and equitable.

Respectfully submitted,

/s/ Marc Douglas Myers

_____

Marc Douglas Myers
Ross, Banks, May, Cron & Cavin, P.C.
SBN 00797133
7700 San Felipe, Suite 550
Houston, Texas 77063
(713) 626-1200; (713) 623-6014 fax
mmyers@rossbanks.com
COUNSEL FOR THE TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2022, a true and correct copy of the foregoing was sent via regular US mail to the Debtor(s), counsel for the Debtor(s), the Trustee, counsel for the Trustee and the US Trustee, unless otherwise served by the CM-ECF system.

/s/ Marc Douglas Myers

_____

Marc Douglas Myers

Bellatorum Land & Minerals, LP
8152 Spring Cypress Rd.
Spring, TX 77379

Bellatorum Phalanx Investments, LP
8152 Spring Cypress Rd.
Spring, TX 77379

Aaron James Power
1000 Main 36th Flr
Houston, TX 77002

Eva S Engelhart
7700 San Felipe
Suite 550
Houston, TX 77063

US Trustee
c/o Stephen Douglas Statham
515 Rusk, Ste 3516
Houston, TX 77002

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

March 29, 2022

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **BELLATORUM LAND & MINERALS, LP** | § | **CASE NO. 21-32137** |
| | § | |
| **BELLATORUM PHALANX** | § | **CASE NO. 21-32138** |
| **INVESTMENTS, LP** | § | |
| | § | **CHAPTER 7** |
| | § | |
| **DEBTOR** | § | **JUDGE JEFFREY P. NORMAN** |

**ORDER GRANTING TRUSTEE'S APPLICATION TO EMPLOY GENERAL COUNSEL**

(Docket # 37)

The Court, having considered the Trustee's Application to Employ General Counsel pursuant to 11 U.S.C. § 327(a), is of the opinion that the requested relief is in the best interest of the estate and its creditors; that Ross, Banks, May, Cron & Cavin P.C. and Marc Douglas Myers (collectively "Ross Banks") represent no interest adverse to the estate in the matters upon which Ross Banks is to be engaged and is a disinterested person within the definition of 11 U.S.C. § 101(14); and that the application should be approved. Accordingly, it is therefore

**ORDERED THAT:**

1.      The Trustee's Application to Employ Ross Banks as general counsel pursuant to 11 U.S.C. § 327(a) is granted and the Trustee is authorized to employ Ross Banks to assist the Trustee as needed on the matters identified in the application effective as of June 25, 2021.

2.      Marc Douglas Myers is designated as attorney in charge for the representation by Ross Banks of the Trustee.

3.      All applications for compensation for Ross Banks shall be filed with the Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.  Ross Bank shall give notice to all parties-in-interest to any proposed increase in the hourly rate to be charged for all services rendered.

Signed: March 29, 2022

Jeffrey P. Norman
United States Bankruptcy Judge

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

March 29, 2022

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **BELLATORUM LAND & MINERALS, LP** | § | **CASE NO. 21-32137** |
| | § | |
| **BELLATORUM PHALANX** | § | **CASE NO. 21-32138** |
| **INVESTMENTS, LP** | § | |
| | § | **CHAPTER 7** |
| | § | |
| **DEBTOR** | § | **JUDGE JEFFREY P. NORMAN** |

**ORDER GRANTING TRUSTEE'S APPLICATION TO EMPLOY GENERAL COUNSEL**

(Docket # 39)

The Court, having considered the Trustee's Application to Employ General Counsel pursuant to 11 U.S.C. § 327(a), is of the opinion that the requested relief is in the best interest of the estate and its creditors; that Ross, Banks, May, Cron & Cavin P.C. and Marc Douglas Myers (collectively "Ross Banks") represent no interest adverse to the estate in the matters upon which Ross Banks is to be engaged and is a disinterested person within the definition of 11 U.S.C. § 101(14); and that the application should be approved. Accordingly, it is therefore

**ORDERED THAT:**

1.      The Trustee's Application to Employ Ross Banks as general counsel pursuant to 11 U.S.C. § 327(a) is granted and the Trustee is authorized to employ Ross Banks to assist the Trustee as needed on the matters identified in the application effective as of June 25, 2021.

2.      Marc Douglas Myers is designated as attorney in charge for the representation by Ross Banks of the Trustee.

3.      All applications for compensation for Ross Banks shall be filed with the Court in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules.  Ross Bank shall give notice to all parties-in-interest to any proposed increase in the hourly rate to be charged for all services rendered.

Signed: March 29, 2022

Jeffrey P. Norman
United States Bankruptcy Judge

### *Ross, Banks, May, Cron & Cavin, P.C.*
7700 San Felipe Suite 550
Houston, Texas 77063

Ph: 713-626-1200          Fax:713-623-6014

Eva S. Engelhart, Trustee                                          October 5, 2022
7700 San Felipe St.
Suite 550
Houston, TX
77063-1611

| | File #: | 4646-123 |
|---|---|---|
| **Attention:** | Inv #: | Settle |

**RE:**   21-32138 - Bellatorum Phalanx Investments, LP

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| Jun-25-21 | Asset Collection - Conferred multiple times with criminal defense counsel for Mr. Bentley regarding faciliation of information production. | 0.40 | 150.00 | MDM |
| | Asset Collection - Initial conference with client regarding case (.4), download and review of schedules, conferred with Mr. Jonas Harrell regarding Google drive acess issues (.3); conferred with Mr. Power regarding Google drive acess issues (.2); conferred with Mr. Kincheloe (USDOJ) regarding Google drive issues (.2); call to Mr. Nachtigall, criminal defense counsel for Mr. Bentley regarding Google drive access issues (.1). | 1.20 | 450.00 | MDM |
| | Asset Collection - Multiple conferences and emails with Mr. Nachtigall and Mr. Bentley regarding Google account access (1); accessed and searched account for relevant data (.6), correspondence to Mr. Bentley after no response on his phone number querying as to 010-Deals directory information (.3); conferred with Mr. Jonas Harrel regarding case background (.5); conferred with Mr. Power regarding backgroudn information (.3); conferred with and sent correspondence to Mr. Nasir Pasha (.4); status report to client (.2). | 3.30 | 1,237.50 | MDM |

| | | | | |
|---|---|---|---|---|
| Jun-28-21 | Asset Collection - Conference with Mr. Power, Mr. Harrell and Yakov regarding Google subpoena issues (.4); conferred with client regarding same and order of priorites on early case matters (.3); correspondence to investigating FBI agent and US DOJ counsel regarding information needs and whether they have what is needed (.5); considered issues and prepared document request to Google (1.5). | 2.70 | 1,012.50 | MDM |
| | Asset Collection - Attempted to download files from Dropbox shared by Mr. Pasha, Debtor's former non-BK attorney. | 0.50 | 187.50 | MDM |
| Jun-29-21 | Asset Collection - Correspondence to Mssrs Power, Harrell and Schwarz regarding form of subpoena. | 0.30 | 112.50 | MDM |
| | Asset Collection - Conferred with client and Mrs. Andrea Kim, potential special counsel, regarding litigation claims of estate. | 1.00 | 375.00 | MDM |
| | Asset Collection - Prepared subpoena to Google (1) and separate litigation hold notice to Google (1.5), directed paralegal on service. | 2.50 | 937.50 | MDM |
| Jun-30-21 | Asset Collection - Prepared Notices of Subpoena, efiled in both cases and arranged for third party vendor service. | 0.40 | 150.00 | MDM |
| | Administrative -(NO CHARGE) Prepared service lists. | 0.50 | 0.00 | MDM |
| Jul-01-21 | Administrative - Status report to client. | 0.30 | 112.50 | MDM |
| | Asset Collection - Travel to meet Mr. Bentley and take possesion of hard drives with Debtor financial/business data (1.5); viewed contents of one hard drive and locate data in 010-Deals subdirectory (.2); recommendation to client regarding data security (.2). | 1.90 | 712.50 | MDM |
| | Asset Collection - Exchanged emails with FBI agent regarding their release of hard drives to Mr. Bentley. | 0.10 | 37.50 | MDM |
| | Asset Collection - Filed COS's on Notices of Subpoenas in both cases. | 0.20 | 75.00 | MDM |

Invoice #:       Settle                    Page 3                                    October 5, 2022

| | | | | |
|---|---|---|---|---|
| Jul-06-21 | Asset Collection - Reviewed and commented on special counsel engagement agreement. | 1.00 | 375.00 | MDM |
| | Asset Collection - Conferred with Ms. Kim, proposed special counsel, regarding IT/document preservation issues. | 0.40 | 150.00 | MDM |
| | Claims - Exchanged emails with Mr. Power for LPs and client regarding filing of proofs of interest in light of asset notice (.2); separate emails with special counsel regarding potential complicating effects with litigation of same (.3). | 0.50 | 187.50 | MDM |
| Jul-07-21 | Asset Collection - Exchanged emails with Ms. Kim, proposed special counsel, regarding data/evidence preservation issues (.2); reviewed amendments to engagement agreement and requested 2014 connections disclosures from Ms. Kim (.5); conducted UCC Search for both debtors (.3), provide to client with query as to source of funds on hand (.1); correspondence to Mr. Power regarding identity of undisclosed UCC-1 filer and whether Production Lending is suspected in involvment with events forming basis of retention of special counsel (.2). | 1.30 | 487.50 | MDM |
| | Asset Collection - Conferred with client regarding UCC-1s on file with the SOS and potential effect of funds to be received from Wells Fargo (.3); exchanged emails with Mr. Power regarding contact points for alleged secured creditors (.1); exchanged emails with Mr. Bentley regarding contact point for Production Lending (.1); email to Production Lending regarding claim status (.3); exchanged emails with Ms. Kim regarding all of foregoing (.3); email to Mr. Bentley regarding unknown UCC-1 filer (.1); email to SPRS regarding identity of unknown UCC-1 filer (.2). | 1.30 | 487.50 | MDM |
| | Asset Collection - Reviewed response from Mr. Bentley regarding unknown party filing UCC-1, forward to client and Ms. Kim with commentary, also forward SPRS response. | 0.30 | 112.50 | MDM |
| Jul-19-21 | Asset Collection - Downloaded documents from Porter Hedges web portal (.2), reviewed | 1.40 | 525.00 | MDM |

|  | | | | |
|---|---|---|---|---|
|  | bank statements (.6), correspondence to Mr. Harrel regarding funds on deposit (.1); research on perfection (.4); correspondence with counsel for Production Lending regarding arranging teleconference (.1). | | | |
| Jul-20-21 | Asset Collection - Reviewed Google response to subpoena, correspondence to Google requesting meet and confer dates. | 0.40 | 150.00 | MDM |
|  | Asset Collection - Review of produced bank statements to evaluate Production Lending assertion of lien on funds on deposit (.6); research UCC issues applicable to funds on deposit (.9); prepared correspondence to Mr. Harrell outlining scope of issue and requesting information on source of deposits (.6). | 2.10 | 787.50 | MDM |
|  | Claims -(NO CHARGE) Request to Mr. Louis Phillips for copy of Production Lending security agreement. | 0.10 | 0.00 | MDM |
| Jul-21-21 | Asset Collection - Left vmail for Mr. Harrell to call regarding prior emails on funds tracing. | 0.10 | 37.50 | MDM |
|  | Asset Collection - Reviewed detailed response as to deposits into BBVA/Wells Fargo accounts from Mr. Harrell (.4); exchanged emails with Ms. Kim regarding same (.2). | 0.60 | 225.00 | MDM |
| Jul-23-21 | Asset Collection - Back and forth emails with counsel for Production Lending regarding production of loan documents. | 0.80 | 300.00 | MDM |
| Jul-26-21 | Asset Collection - Back and forth emails with Mr. Phillips, for Production Lending, regarding scheduling of conference. | 0.20 | 75.00 | MDM |
| Jul-27-21 | Asset Collection - Conference call with counsel for Production Lending and representatives thereof (.5); correpsondence to client and Ms. Kim regarding same (.7) | 1.20 | 450.00 | MDM |
| Jul-28-21 | Asset Collection - Telephone conference with client and Mrs. Kim regarding all matters in case. | 0.90 | 337.50 | MDM |
| Aug-03-21 | Claims - Conferred with Mr. Carey Johnson, CPA, regarding his investor client filing proof of claim/interest. | 0.10 | 37.50 | MDM |

Invoice #:   Settle   Page 5   October 5, 2022

| Aug-10-21 | Claims - Reviewed original proofs of claim received from D. Keller, correspondence to claimant regarding return of originals and advised generally how to file with clerk themselves. | 0.40 | 150.00 | MDM |
|---|---|---|---|---|
| Aug-11-21 | Asset Collection - Conferred with Google representative regarding potential access to Google drive accounts (.3), correspondence to client and proposed special counsel regarding same (.2). | 0.50 | 187.50 | MDM |
| | Claims - BPI - Reviewed POC 6 filed by the IRS. | 0.20 | 75.00 | MDM |
| Aug-12-21 | Asset Collection - Corresponded with proposed special counsel regarding pending 341. | 0.20 | 75.00 | MDM |
| Aug-19-21 | Asset Collection - Back and forth emails with Mattingly for Google regarding conference. | 0.20 | 75.00 | MDM |
| | Asset Collection - Prepared information request to counsel for Production Lending. | 0.80 | 300.00 | MDM |
| Aug-20-21 | Asset Collection - Conferred with Google representative as to results of data search, advised client. | 0.20 | 75.00 | MDM |
| Aug-30-21 | Asset Collection - Conference call with Mr. Phillips, Production Lending reps, Red Oaks reproduction and Ms. Kim regarding advertising process for sale and Production's discovery of delta between actual income on assets and what Bentley was telling them (.7); subsequent conversation with Ms. Kim (.3). | 1.00 | 375.00 | MDM |
| Sep-07-21 | Asset Collection - Brief review of produced material from Production Lending and correspondence from Mr. Phillips; exchanged correspondence with Mrs. Kim regarding the same. | 0.50 | 187.50 | MDM |
| Sep-10-21 | Asset Collection - Extended telephone conference with Ms. Kim, proposed special litigation counsel, regarding status of review of Production Lending issues and how to go forward on review of additional claims by the estate in more economical fashion. | 0.60 | 225.00 | MDM |

| | | | | |
|---|---|---|---|---|
| Sep-15-21 | Asset Collection - Extended conference call with Ms. Kim, Mr. Whittington and Mr. Harrell; subsequent call with Ms. Kim regarding matters discussed and go-forward on discovery. | 2.20 | 825.00 | MDM |
| Sep-20-21 | Asset Collection - Conferred with Mr. Phillips, for Production Lending, and Ms. Kim on additional information requests. | 0.40 | 150.00 | MDM |
| Sep-28-21 | Asset Collection - Reviewed transactional documents for Sentinel Energy Investments transfer. | 0.70 | 262.50 | MDM |
| Oct-01-21 | Asset Collection - Correspondence to Mr. Phillips regarding status of response by Production Lending to additional information requests. | 0.10 | 37.50 | MDM |
| Oct-08-21 | Asset Collection - Reviewed documents from Production Lending provided in response to last discussion with counsel (.3), back and forth emails with Ms. Kim regarding same (.1); correspondence with Mr. Louis Phillips for Production Lending regarding evaluation of last settlement offer (.1). | 0.50 | 187.50 | MDM |
| Oct-15-21 | Asset Collection - Reviewed history with Production Lending and prepared recommendation to client (1); correspondence with Mr. Phillips for Production Lending regarding same (.1). | 1.10 | 412.50 | MDM |
| Oct-18-21 | Asset Collection - Conference call with client and Ms. Kim regarding response to Production Lending settlement offer (.4); prepared form of counter for client review (.2). | 0.20 | 75.00 | MDM |
| Oct-19-21 | Asset Collection - Conference call with Mr. Phillips and Ms. Kim regarding potential settlement with Production Lending (.4), separate call with Ms. Kim regarding same (.1). | 0.50 | 187.50 | MDM |
| Nov-03-21 | Asset Collection - Conferred with John Strong regarding request for copy of applicable liability policies from Mr. Pasha. | 0.20 | 75.00 | MDM |
| | Asset Collection - Extended telephone conference with Ms. Kim, special counsel, | 0.50 | 187.50 | MDM |

| | | | | |
|---|---|---|---|---|
| | regarding continuing concerns with Production Lending settlement. | | | |
| | Asset Collection - Research on service of the Serrano Law Group (.2); prepared form of document request for subpoena (1.5); prepared subpoena for each case (.2). | 1.90 | 712.50 | MDM |
| Nov-15-21 | Asset Collection - Conferred with Ms. Kim regarding terms of release regarding secured claim of Production Lending (.3); prepared proposed terms (1.5); reviewed all documents regarding alleged cash collateral deposited and checks received (1.5); prepared subpoena to Allegiance (.5), WF (.5), Chase (.5) and BBVA (.5); correspondence to Mr. Louis Phillips, for Production Lending, asking his client to tie outstanding checks to secured claim (.2). | 5.50 | 2,062.50 | MDM |
| Nov-19-21 | Asset Collection - Reviewed draft of settlement agreement with Production Lending and comment. | 0.90 | 337.50 | MDM |
| | Asset Collection - Correspondence to Mr. Sam Serrano regarding status of response to the subpoena. | 0.20 | 75.00 | MDM |
| | Asset Collection - Conferred with Ms. Kim regarding timing issues on 9019 and subpoenas. | 0.30 | 112.50 | MDM |
| Nov-22-21 | Asset Collection - Reviewed production from Serrano Law Group in response to subpoena (1); exchanged emails with special counsel regarding the same (.4). | 1.40 | 525.00 | MDM |
| Nov-23-21 | Asset Collection - Conferred with JPMorgan Chase representative regarding status of production (.1); updated Ms. Kim (.1); reviewed new production from Serrano Law Group (.4) and upload to dropbox. | 0.60 | 225.00 | MDM |
| | Asset Collection - Conference call with Mrs. Kim and Mr. Phillips regarding proposed settlement with Production Lending. | 0.30 | 112.50 | MDM |
| Nov-29-21 | Asset Collection - Return call of Wells Fargo representative regarding subpoena scope. | 0.10 | 37.50 | MDM |
| Nov-30-21 | Asset Collection - Reviewed purchase offer | 0.20 | 75.00 | MDM |

|            | from Tumbleweed Royalty and send correspondence requesting vesting deed(s). |      |        |     |
|------------|------------------------------------------------------------------------------|------|--------|-----|
| Dec-03-21  | Asset Collection - Correspondence with PNC Bank representative regarding subpoena response. | 0.20 | 75.00  | MDM |
| Dec-06-21  | Asset Collection - Reviewed edits to proposed settlement agreement by Production Lending counsel, commentary to special counsel. | 1.00 | 375.00 | MDM |
| Dec-09-21  | Asset Collection - Telephone conference with Ms. Kim regarding PL's amendments to settlement agreement. | 0.20 | 75.00  | MDM |
| Dec-10-21  | Asset Collection - Edits to current draft of Production Lending settlement agreement. | 2.00 | 750.00 | MDM |
| Dec-13-21  | Asset Collection - Reviewed commentary from Ms. Kim regarding counter to Production Lending on settlement agreement (.1), edited counter (.2) and send to Mr. Phillips. | 0.30 | 112.50 | MDM |
| Dec-14-21  | Asset Collection - Reviewed edits to Production Lending settlement agreement (.5), correspondence to Ms. Kim commenting on same (.3); reviewed PNC/BBVA subpoena response (1), exchanged emails with PNC representative regarding supplemental production (.2) and prepared supplemental subpoena (.5) and notice (.1). | 2.60 | 975.00 | MDM |
| Dec-15-21  | Asset Collection - Edits to settlement agreement draft and forward to Mr. Phillips. | 0.90 | 337.50 | MDM |
| Dec-20-21  | Asset Collection - Reviewed latest round of edits to Production Lending settlement agreement, comment to Ms. Kim. | 0.30 | 112.50 | MDM |
|            | Asset Collection - Responded to multiple party-in-interest request for copies of subpoenas. | 0.20 | 75.00  | MDM |
|            | Asset Collection - Subpoena to Chase Bank. | 0.60 | 225.00 | MDM |
| Dec-27-21  | Asset Collection - Conferred with JPMorgan Chase Bank representative regarding production status in response to subpoena #2. | 0.10 | 37.50  | MDM |
| Jan-03-22  | Asset Collection - Reviewed interlineations to | 0.80 | 300.00 | MDM |

|            | affiliation in support of settlement agreement (.7), comments to Ms. Kim (.1). |      |          |     |
|------------|-------------------------------------------------------------------------------|------|----------|-----|
| Jan-11-22  | Asset Collection - Correspondence with Mr. Serrano regarding funds still on deposit in his IOLTA account. | 0.30 | 112.50 | MDM |
| Jan-14-22  | Asset Collection - Prepared 9019 motion (5), forward draft to Ms. Kim. | 5.00 | 1,875.00 | MDM |
| Jan-17-22  | Asset Collection - Prepared 9019 motion (4); conferred with Mr. Harrell (.4). | 4.40 | 1,650.00 | MDM |
|            | Asset Collection - Reviewed JPMorgan Chase production in response to subpoena #2. | 0.40 | 150.00 | MDM |
|            | Asset Collection - Exchanged correspondence with Mr. Serrano regarding turnover of funds in his trust account. | 0.10 | 37.50 | MDM |
| Jan-19-22  | Asset Collection - Significant revisions to 9019 motion with Production Lending (4); multiple emails to Mr. Harrell to confirm certain statements of fact (.2). | 4.20 | 1,575.00 | MDM |
|            | Asset Collection - Reviewed correspondence from Mr. Serrano regarding reluctance for turnover of IOLTA account balance. | 0.10 | 37.50 | MDM |
| Jan-21-22  | Asset Collection - Conference with client regarding 9019 motion. | 0.40 | 150.00 | MDM |
| Feb-02-22  | Asset Collection - Exchanged correspondence with counsel for Production Lending regarding difference in account balances in 9019 draft and settlement agreement draft (.3); prepared correpsondence to same regarding undeposited checks, provided images (.5). | 0.80 | 300.00 | MDM |
| Feb-07-22  | Asset Collection - Reviewed edits by Mr. Phillips to 9019, made counter-edits and forward to Mrs. Kim. | 1.50 | 562.50 | MDM |
| Feb-08-22  | Asset Collection - Reviewed current drafts of 9019 motion, affidavit and settlement agreement and edited as needed (1), correspondence with Ms. Kim (.1) and Mr. Phillips (.1) regarding the same. | 1.20 | 450.00 | MDM |
| Feb-11-22  | Asset Collection - Back and forth correspondence with counsel for Production | 4.00 | 1,500.00 | MDM |

Lending regarding 9019 motion and exhibit issues (1), conferencing with the client regarding various iterations of drafts of documents (,5); multiple revisions to motion and exhibits (2).

| Date | Description | Hours | Amount | By |
|---|---|---|---|---|
| Feb-14-22 | Asset Collection - Conferred with client regarding status of 9019 motion. | 0.30 | 112.50 | MDM |
| Feb-25-22 | Asset Collection - Reviewed bank records, tax notices and correspondence dropped off by Mr. Harrell. | 0.50 | 187.50 | MDM |
| Mar-02-22 | Administrative - Prepared application to employ general counsel (1.2) and affidavit/order (.1). | 1.30 | 487.50 | MDM |
|  | Asset Collection - Prepared application to employ special counsel (1) and affidavit/order (.1). | 1.10 | 412.50 | MDM |
| Mar-03-22 | Asset Collection - Conference call with client, Mrs. Kim and FBI and Securities and Exhcange representatives. | 0.90 | 337.50 | MDM |
| Mar-11-22 | Administrative - Conferred with creditor/equity owner regarding possibility of issuance of K-1s, correspondence to client and accountant regarding same. | 0.20 | 75.00 | MDM |
| Mar-14-22 | Administrative - Respond to creditor/equity holder query on tax reporting documents. | 0.20 | 75.00 | MDM |
|  | Asset Collection - Correspondence to accountants regarding availability of records. | 0.20 | 75.00 | MDM |
|  | Asset Collection - Conferred with Mrs. Lynda Wolff regarding sale of royalty interests involving Sentinel Energy, copy to special counsel. | 0.20 | 75.00 | MDM |
| Mar-15-22 | Asset Collection - Reviewed correspondence from seller of royalty interest to Bellatorum Resources/Sentinel, forward to Mrs. Kim with commentary. | 0.30 | 112.50 | MDM |
|  | Asset Collection - Prepared emergency motion to amend compromise approval order (1) and draft of order (.5), to client for review. | 1.50 | 562.50 | MDM |
| Mar-22-22 | Asset Collection - Reviewed recent tax notice from Lavaca County, forward to Mr. Phillips | 0.40 | 150.00 | MDM |

with query as to whether property was involved
with Production Lending, respond to query by client
regarding same (.2); reviewed orders approving
motion to supplement, correspondence to Mr.
Phillips regarding the same and closing issues (.2).

| Date | Description | Hours | Amount | Initials |
|---|---|---|---|---|
| | Asset Collection - Reviewed closing issues with client (.3); communications with Mr. Phillips regarding issues involved with checks (.1); prepared form of assignment (.9) and circulate. | 1.30 | 487.50 | MDM |
| Mar-23-22 | Asset Collection - Prepared assignment in aid of compromise with Production Lending. | 0.50 | 187.50 | MDM |
| Mar-29-22 | Administrative - Conferred with equity holder Eric Scharf regarding service address issues and generalized case status. | 0.40 | 150.00 | MDM |
| | Asset Collection - Prepared motion for supplemental orders related to special counsel employment. | 1.20 | 450.00 | MDM |
| Mar-30-22 | Asset Collection - Correspondence with special counsel regarding entry of supplemental orders, recommendation to client to proceed promptly. | 0.10 | 37.50 | MDM |
| Apr-05-22 | Asset Collection - Reviewed correspondence from Allegiance regarding dishonored checks (.2), discussed with client (.1) and advise Mr. Phillips (.2). | 0.50 | 187.50 | MDM |
| Apr-27-22 | Asset Collection - Reviewed escheat notice and advise Mr. Phillips counsel for Production Lending. | 0.10 | 37.50 | MDM |
| Sep-02-22 | Asset Collection - Reviewed special counsel status report. | 0.30 | 112.50 | MDM |
| Sep-13-22 | Asset Collection - Conference with special counsel regarding discovery of lawsuit by Sentinel which may be property of the estate. | 0.50 | 187.50 | MDM |
| Sep-19-22 | Asset Collection - Conferred with client and special counsel as to status of investigation. | 0.70 | 262.50 | MDM |
| Oct-03-22 | Asset Collection - Reviewed proposed demand letter to Serrano et al. | 0.40 | 150.00 | MDM |

| Oct-04-22 | Fee Application - Revised time entries as needed (1), prepared fee application (1.5) and related documents (.1). | 2.60 | 975.00 | MDM |
|-----------|------|------|------|------|
| | Totals | 97.70 | $36,412.50 | |

**DISBURSEMENTS**

| | | |
|---|---|---|
| | Messenger Service | 21.28 |
| | Postage Expense | 160.02 |
| | Secretary of State Research | 6.00 |
| Jul-08-21 | FedEx delivery Invoice #7-429-40939 | 21.22 |
| Jul-19-21 | pay invoice Dated 7/19/2021 - JVL Account - MDM Bankruptcy Mailing Service | 27.06 |
| | pay invoice Dated 7/19/2021 - JVL Account - MDM Bankruptcy Mailing Service | 79.23 |
| | pay invoice Dated 7/19/2021 - JVL Account - MDM Mail Out | 27.06 |
| | pay invoice Dated 7/19/2021 - JVL Account - MDM Mail Out | 79.23 |
| Nov-18-21 | FedEx delivery Invoce #7-569-71113 | 16.32 |
| Nov-19-21 | pay invoice Dated 11/19/2021 - JVL Account - MDS Mailing Service | 27.88 |
| | pay invoice Dated 11/19/2021 - JVL Account - MDS Mailing Service | 81.69 |
| Nov-25-21 | FedEx delivery Invoice #7-577-55564 | 16.32 |
| Dec-02-21 | FedEx delivery Invoice #7-584-08787 | 16.32 |
| Dec-19-21 | pay invoice Dated 12/19/2021 - JVL Account - MDM Mailout Service | 109.57 |
| Dec-23-21 | FedEx delivery Invoice #7-607-22911 | 28.21 |
| | FedEx delivery Invoice #7-607-22911 | 74.67 |
| Jan-19-22 | pay invoice Dated 1/19/2022 - JVL Account - MDM Mailout Service | 107.37 |
| Feb-19-22 | pay invoice Dated 2/19/2022 - JVL Account - MDM Mailing Service | 357.37 |
| Mar-02-22 | Filing Fee - MDM Mailout Service | 204.29 |
| Mar-17-22 | Filing Fee - MDM Mailout Service | 109.57 |
| | Filing Fee - MDM Mailout Service | 133.57 |
| Apr-19-22 | pay invoice Dated April 19, 2022 - JVL Account - MDM Mail Service | 134.40 |
| | Totals | $1,838.65 |

**Total Fee & Disbursements for all charges on this matter**             **$38,251.15**

TAX ID Number       76-0421491

# *Ross, Banks, May, Cron* & *Cavin*, *P.C.*
7700 San Felipe Suite 550
Houston, Texas 77063

Ph:713-626-1200                  Fax:713-623-6014

Eva S. Engelhart, Trustee
7700 San Felipe St.
Suite 550
Houston, TX  77063-1611

**RE:**          **Bellatorum Phalanx Investments, LP – Case #21-32138**

## SUMMARY OF TASK

| Task | | Hours | Amount |
|------|---|------:|-------:|
| ADMIN | Administrative | 2.90 | 900.00 |
| ASSET | Asset Collection | 90.90 | 34,087.50 |
| CLAIMS | Claims | 1.30 | 450.00 |
| FEE | Fee Application | 2.60 | 975.00 |
| | **Total** | **97.70** | **$36,412.50** |
| | **Grand Total** | **97.70** | **$36,412.50** |

## SUMMARY BY TIMEKEEPER
### This Invoice

| Timekeeper | Hours | Amount |
|------------|------:|-------:|
| Marc Myers | 97.70 | $36,412.50 |
| **Total** | **97.70** | **$36,412.50** |